```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```

DR. GERALD FINKEL, as Chairman of the
Joint Industry Board of the Electrical
Industry,

**MEMORANDUM & ORDER**

**07-CV-2376 (NGG) (JO)**

Plaintiff,

-against-

HALL-MARK ELECTRICAL SUPPLIES
CORP., ZIZZA & COMPANY LTD., and
PRIMARY CAPITAL RESOURCES INC.,
Defendants.

```
----------------------------------------------------------------X
```

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Dr. Gerald Finkel ("Plaintiff" or "Finkel") brings this action against Defendants Hall-Mark Electrical Supplies Corp. ("Hall-Mark"), Zizza & Company Ltd. ("Zizza"), and Primary Capital Resources Inc. ("Primary Capital"). Plaintiff is an administrator and fiduciary of various benefit plans and alleges that Hall-Mark violated its obligations under a collective bargaining agreement and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. (See First Amended Complaint (Docket Entry # 5).) Plaintiff further alleges that Defendants Zizza and Primary Capital are jointly and severally liable for Hall-Mark's obligations. (See Second Amended Complaint (Docket Entry # 8).) By Order dated March 18, 2009, this court granted Plaintiff default judgment and referred the case to Magistrate James Orenstein for a Report and Recommendation on damages. (See Order (Docket Entry #14).)

Before the court is Magistrate Judge James Orenstein's Report and Recommendation ("R&R") (Docket Entry # 18) issued on September 25, 2009. Judge Orenstein gave the parties until October 13, 2009 to object to his R & R. None of the parties have objected and the time for

doing so has now passed. After reviewing Judge Orenstein's R&R, the court accepts its recommendations in part and rejects them in part.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the district court must conduct a de novo review of those portions of the R & R to which the parties have objected. The court reviews portions of the R & R to which the parties have not objected for clear error. See Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001). Even where the parties do not object, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. BACKGROUND

The court presumes familiarity with the underlying facts set forth in Judge Orenstein's R&R and only briefly summarizes them here. (See generally R&R 1-6.) Finkel initially brought this action only against Defendant Hall-Mark. (See Original Complaint (Docket Entry # 1).) Finkel properly served the Original Complaint on Hall-Mark. With the court's permission, Finkel filed an Amended Complaint (Docket Entry # 5) adding a claim for withdrawal liability. Finkel properly served Hall-Mark with the Amended Complaint. With the court's permission Finkel then filed a Second Amended Complaint (Docket Entry # 8) adding Zizza and Primary Capital as defendants, alleging them to be jointly and severally liable for Finkel's withdrawal liability claims. Although Hall-Mark was still a defendant in the Second Amended Complaint, Finkel served only Zizza and Primary Capital with that pleading. As set forth in Judge Orenstein's R&R, there is no evidence in the record that Finkel properly served the Second

2

Amended Complaint on Hall-Mark. None of the defendants have responded to any of Finkel's complaints or entered appearances in this case.

On January 9, 2009 Finkel moved for default judgment, under Federal Rule of Civil Procedure 55(b)(2) against all three defendants on the grounds that they "failed to answer or otherwise defend against the Complaint, the Amended Complaint, and the Second Amended Complaint." (See Motion for Default Judgment (Docket Entry # 12).) The Clerk of the Court certified that all Defendants have failed to answer or otherwise move with respect to any of the complaints in this case.[1] (See Clerk's Certificate of Default (Docket Entry # 13).) This court then ordered that "Plaintiff has judgment against Defendants in an amount to be determined following an inquest before Magistrate Judge Orenstein." (See Order dated March 18, 2009 (Docket Entry #14).)

Based on these facts Judge Orenstein recommends that this court should "conditionally enter judgment against Hall-Mark" and should conditionally find Defendants Zizza and Primary Capital jointly and severally liable. (R&R 1.) Judge Orenstein recommends that "conditional judgment" is appropriate because Finkel failed to serve the Second Amended Complaint on Hall-Mark. He concludes that because "Hall-Mark has not been properly notified of the pendency of the claims on which Finkel now seeks relief . . . there was no basis for the Clerk to enter Hall-Mark's default, and that the court has no choice but to deny Finkel's motion for default judgment against that defendant." (R&R 8.)

---

[1] The Clerk's certification indicated that Finkel served only Hall-Mark with the Original Complaint and the Amended Complaint, and that Finkel served the Second Amended Complaint on only Defendants Zizza and Primary Capital.

3

Quoting Dluhos v. Floating and Abandoned Vessel, Known as New York, 162 F.3d 63 (2d Cir. 1994) and Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1991), for the proposition that "it is well established that an amended complaint ordinarily supercedes the original, and renders it of no legal effect," Dluhos, 162 F.3d at 68, Judge Orenstein reasoned that because Finkel never served Hall-Mark with the superseding and thus controlling Second Amended Complaint, Hall-Mark was not properly notified of the only claims now pending against it. (R&R 8.) Judge Orenstein nonetheless noted that Hall-Mark had adequate notice of the substance of the claims pending against it because Finkel served Hall-Mark with the Original Complaint and the First Amended Complaint, which include all of the substantive claims against it that Finkel re-pleaded in the Second Amended Complaint.

## III. DISCUSSION

### A. Service of Process

The court declines to accept Judge Orenstein's recommendation that judgment be conditionally entered. This court's previous Order correctly granted Plaintiff default judgment against all three Defendants.

As a general rule "[i]t is well established that an amended pleading ordinarily supersedes the original and renders it of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668-69 (2d Cir. 1977); see also Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998) ("[I]t is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as nonexistent.") (internal quotation marks and alterations omitted); 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (2d ed. 1990); 3 James Moore et al., Moore's Federal Practice § 15.17[3] (3d ed. 2009).

4

The application of this general rule, however, depends on the specific circumstances of the case. When the facts are—as they are here—that a plaintiff served a defendant with an original complaint before filing an amended pleading, the original complaint is only superseded when the plaintiff serves the amended complaint, not when the plaintiff files it.[2] Vesco, 556 F.2d at 669.

But in different circumstances, the general rule announced in Vesco may lead to a different result. For example, in TCS Capital Management, LLC v. Apax Partners, L.P., et al., No. 06-CV-13447, 2008 WL 650385, at *10 (S.D.N.Y. March 7, 2008), Judge McMahon held that service of an original complaint is itself invalid if it is served after the plaintiff files an amended complaint.

Of course, in a case with multiple defendants, having different complaints operative against different defendants may appear unnecessarily complex. But the Second Circuit has found that there is nothing improper about holding one defendant in default of one complaint and other defendants liable on later complaints. See Vesco, 556 F.2d at 668 n.3 ("It is immaterial that [the plaintiff] is proceeding against certain other defendants on the amended complaint, since they have been properly served with that complaint.") Otherwise, a plaintiff might be unable to obtain judgment against a defendant who, although properly served with the original complaint, evades service of an amended complaint. If an amended complaint superseded the prior complaint with respect to all defendants once the plaintiff served it on a single defendant, then the plaintiff would no longer have an effective complaint against defendants not yet served with the amended pleading. See id. at 669.

---

[2] The Court of Appeals held that this rule is only triggered when Federal Rule of Civil Procedure 5(a) requires a plaintiff to serve the amended complaint. Vesco, 556 F.2d at 669. Rule 5(a) requires that "a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c)," must be served on every party. Fed. R. Civ. P. 5(a)(1)(B).

5

Applying these principles to this case, this court properly entered default against all three Defendants in this case. Hall-Mark was properly served with the First Amended Complaint. Finkel then filed and served Defendants Zizza and Primary Capital with the Second Amended Complaint. Because the Amended Complaint is a "pleading filed after the original complaint," Rule 5 required that it be served on every party. Fed. R. Civ. P. 5(a)(1)(B). Under Vesco, however, the Second Amended Complaint did not supersede the First Amended Complaint as to Hall-Mark because Finkel never served it on Hall-Mark. 556 F.2d at 669. Supersedure is triggered by service, not filing. Id.

It follows that Hall-Mark is in default of the First Amended Complaint and Zizza and Primary Capital are in default of the Second Amended Complaint.[3] Finkel did not preclude judgment against Hall-Mark on the First Amended Complaint by serving only Zizza and Primary Capital with the Second Amended Complaint. In the circumstances of this default judgment, the court does not find it significant that two different complaints are operative against different defendants. There is no inconsistency in finding Hall-Mark in default of the First Amended Complaint and the other Defendants in default of the Second Amended Complaint. Because Finkel re-pleaded all the same claims against Hall-Mark in the Second Amended Complaint, Hall-Mark had adequate notice of the claims against it in both complaints. (See R&R 8.)

---

[3] In an apparent response to Magistrate Judge Orenstein's R&R, Plaintiff filed an affidavit of service, on October 16, 2009, affirming that Hall-Mark was served with the Second Amended Complaint on October 13, 2009. (See Affidavit of Service (Docket Entry # 20).) Finkel filed the Second Amended Complaint on July 16, 2008. (See Docket Entry # 8.) Under the above analysis Plaintiff did not need to serve Hall-mark with this Complaint to obtain default judgment. But the service is nonetheless invalid. Federal Rule of Civil Procedure 4(m) requires that a Plaintiff serve a defendant with a complaint within 120 days of filing, unless the plaintiff shows good cause for the failure and the court extends the service period. Here, the court did not extend the service period and Finkel served the Second Amended Complaint more than 120 days after Finkel filed it. Finkel's service is thus invalid.

The authorities cited in the R&R, and other reports and recommendations issued in similar circumstances, do not support the conclusion that an amended complaint supersedes a preceding complaint against a defendant before service is effectuated on that particular defendant.[4] Rather, the cited authorities apply the general rule of superseding pleadings in different and inapposite circumstances in which service was not at issue. See Dluhos, 162 F.3d at 63 (finding that the district court properly considered allegations in plaintiff's second amended complaint, not the first amended complaint, when the defendant moved to dismiss the second amended complaint for lack of subject matter jurisdiction); Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (holding that failure to invoke noncompliance with Fed. R. Civ. P. 9(b) as a defense in answering an original complaint did not waive that defense in answering an amended complaint); In re Parmalat Sec. Litig., 421 F. Supp. 2d 703, 713 (S.D.N.Y. 2006) ("An amended complaint, however, supersedes the original and entitles a defendant to raise substantive arguments aimed at 'judicial resolution of the controversy' in a new responsive pleading, even if those arguments were not raised in response to the original complaint."). And to the extent that Miller v. Am. Export Lines Inc., 313 F.2d 218, 218 (2d Cir. 1963) supports a rule that an amended complaint supersedes a prior complaint when it is filed, the Second Circuit specifically cited Miller in its Vesco opinion to hold that an original complaint is superseded by an amended complaint when the amended complaint is served. Vesco, 556 F.2d at 669.

---

[4] See, e.g., Kucher v. Alternative Treatment Center of Paterson, LLC, No. 05-CV-3733 (SJ)(JMA), 2009 WL 1044626, at *3 (E.D.N.Y. March 27, 2009), adopted by 2009 WL 1045989 (E.D.N.Y. April 20, 2009) ("By filing the amended complaint, plaintiff's mooted the original complaint.").

7

### B. Damages

For the reasons set forth in the R&R, the court accepts Judge Orenstein's recommendations as to the amount of damages to be entered against each Defendant. (See R&R 7-27.)

### IV. CONCLUSION

For the foregoing reasons, this court rejects Judge Orenstein's recommendation that the Clerk of Court was not authorized to enter a default against Defendants. Plaintiff is entitled to the entry of judgment of default against all Defendants. However, the court accepts Judge Orenstein's recommendation that Plaintiff be awarded damages in the recommended amounts. Accordingly, the court enters judgment against (1) Defendant Hall-Mark, alone, in the amount of $62,996.01; and (2) against all Defendants jointly and severally in the amount of $358, 862.05.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 20, 2009

/NICHOLAS G. GARAUFIS
United States District Judge